# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LARRY G. KIRBY, #222142, )<br>) CIVIL ACTION NO. 3:08-1061-HMH-JRM<br>Petitioner, )<br>)<br>v. ) **REPORT AND RECOMMENDATION**<br>)<br>)<br>SC DEPT OF CORRECTIONS; )<br> WARDEN OF PERRY )<br>CORRECTIONAL INSTITUTION, )<br>)<br>Respondents. )<br>_____) | |

Petitioner, Larry G. Kirby ("Kirby"), is an inmate at the South Carolina Department of Corrections ("SCDC") serving sentences for armed robbery and grand larceny. On March 28, 2008 he filed a petition for a writ of habeas corpus alleging constitutional violations because "(u)nder the terms of the sentences my period of incarceration has expired. Petitioner is being held illegally." (Petition, p. 5). The petition was filed on the standard form for seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Initial review revealed that Kirby was not seeking to vacate his convictions or sentences but was challenging SCDC's computation of his sentence. Therefore, the petition was construed as a § 2241 action and service of process was authorized. *See* Order filed April 29, 2008. The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondent filed a motion for summary judgment, supported by copies of portions of the state court record, on May 12, 2008. Thereafter, Respondent filed a motion for summary judgment supported by documents relating to

1

sentences imposed on Kirby by the States of North Carolina and South Carolina as well as the United States of America. Because Petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on July 22, 2008, advising Petitioner of his responsibility to properly respond to the motion for summary judgment. In response Kirby filed a "Motion to Say and Hold in Abeyance" on August 26, 2008. Respondent filed a response to Kirby's motion on September 10, 2008.

The underlying facts are not in dispute. In the 1980s Kirby pled guilty to charges in three jurisdictions. In July of 1980 Petitioner pled guilty in federal court and was sentenced to eight years. In December of 1980 Kirby pled guilty to five charges of armed robbery in North Carolina to be served consecutive to his federal sentence. Kirby pled guilty to armed robbery and grand larceny in South Carolina and was sentenced to twenty-five (25) years and ten (10) years to run "consecutive with sentences you are now serving." Thereafter, Kirby was released from his federal sentence on parole to North Carolina, completed his North Carolina sentences and arrived in South Carolina in January of 2002. SCDC determined that he began serving his South Carolina sentences on the date of his arrival.

Kirby argues that SCDC has miscalculated his sentence because his South Carolina sentence should have run concurrently with one of, or some of his other sentences. Respondent argues that Kirby has failed to exhaust his state remedies, and in the alternative, SCDC has correctly calculated his sentence.

Kirby has challenged SCDC's calculation of his sentence through the institutional grievance process and by filing two applications for post-conviction relief ("PCR"). Kirby concedes that he has not exhausted his state remedies because he is attempting an appeal of denial of a PCR on the

issue. He has moved that this Court hold his petition in abeyance pending resolution of his appeal citing Rhines v. Weber, 544 U.S. 269 (2005).

It is recommended that the Court dismiss the present petition without prejudice.

The exhaustion requirement applies to petitions filed pursuant to § 2241. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Kirby has an appeal pending. Judge Blatt faced a similar situation in Tillman v. South Carolina Department of Probation, Parole, and Pardon Services, 2007 WL 840369 (D.S.C.). The Court assumed that the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) applies to § 2241 actions,[1] and applied the Rhines holding that a petitioner must show "good cause" to gain a stay.

Kirby has not show good cause. The record demonstrates that Kirby began to question the application of his South Carolina sentence before he came into custody in this state. Even though he has filed multiple grievances and PCR actions to challenge the computation of his sentence by SCDC, he failed to follow through with the appellate process to exhaust his claim. At present he has an appeal pending, but the record on that appeal is not before this Court. The South Carolina courts might easily apply a procedural bar to this claim. It is unclear whether Kirby asserts a constitutional violation in his appeal. Further Kirby has not demonstrated that if his present petition is dismissed without prejudice, he would be barred from filing a second petition in this Court after exhaustion. Last, even though Respondent has yet to assert a statute of limitations defense, the present petition may well be barred. In short, Kirby has not shown that he would be prejudiced by dismissal.

---

[1] *See* McClean v. Smith, 193 F.Supp.2d 867, 872 (M.D.N.C. 2002).

**Conclusion**

It is therefore, recommended that the petition be **dismissed**, without prejudice to allow exhaustion.

The parties are referred to the Notice Page attached hereto.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

October 8, 2008

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).